

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 9, 1995

Honorable Rick Perry
Commissioner
Texas Department of Agriculture
P.O. Box 12847
Austin, Texas 78711

Opinion No. DM-365

Re: Whether V.T.C.S. article 8613, which regulates the sale of motor vehicle fuel to disabled persons, is applicable to any vehicle that displays an appropriate "special device" or "disabled person" identification card (RQ-623)

Dear Commissioner Perry:

You ask about the proper construction of a Texas statute that governs refueling services for disabled persons. You are concerned that the provisions of the statute seem to require that the driver of a vehicle must actually be disabled and must display the disabled person placard. Furthermore, you question whether the provision implies that a service station operator has the authority or the duty to determine whether the driver is actually disabled or whether the person to whom the disabled placard was issued is in fact disabled. Specifically, you ask the following:

1. Is there any permissible means by which the operator of a gasoline service station may inquire as to whether the driver is disabled, or is the placard or license plate sufficient proof of disability?

2. Is it an offense for a person who is not disabled to obtain refueling services under [article] 8613 through the use of another person's disabled placard or license plate?

Article 8613 of the Revised Civil Statutes governs the provision of refueling services to disabled persons.[1] It states:

(a) Each person, firm, partnership, association, trustee, or corporation that operates a gasoline service station or other facility that offers gasoline or other motor vehicle fuel for sale to the public from the facility shall provide, on request, refueling service to a disabled driver of a vehicle that displays a special device or disabled person identification card authorized by Chapter 338, Acts of the

---

[1]The term "refueling service" is defined as the service of pumping motor vehicle fuel into the fuel tank of a motor vehicle. V.T.C.S. art. 8613, § 1.

> 64th Legislature, Regular Session, 1975 (Article 6675a-5e.1, Vernon's Texas Civil Statutes).[2]
>
> (b) The price charged for the motor vehicle fuel provided under Subsection (a) of this section may not be greater than the price the facility otherwise would charge the public generally to purchase motor vehicle fuel without refueling service.

V.T.C.S. art. 8613, § 2 (footnote added). Thus, article 8613 obligates operators of gasoline stations with both "full-serve" and "self-serve" facilities to provide refueling services at "self-serve" prices to those disabled drivers who display a special license plate issued pursuant to section 502.253 of the Transportation Code. Further, refueling services must also be provided to those individuals displaying a disabled parking placard as authorized by chapter 681 of the Transportation Code.[3] Article 8613, section 4(b) provides that the Texas Department of Transportation shall provide notice of available refueling services to "each disabled person who is issued a special device or disabled person identification card under Chapter 681, Transportation Code." Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 22(20), 1995 Tex. Sess. Law Serv. 1025, 1856 (amending V.T.C.S. art. 8613, § 4(b)).

Transportation Code section 502.253 provides for the issuance and the requirements for issuance of a specially designed license plate for persons with disabilities. The relevant language states:

> (a) The department shall provide for the issuance of specially designed license plates for [motor vehicles] regularly operated for

---

[2]The Seventy-fourth Legislature repealed article 6675a-5e.1, V.T.C.S. Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Sess. Serv. 1025, 1031. The provisions of article 6675a-5e.1, V.T.C.S., are now codified in the Transportation Code at chapters 502 and 681. *Id.* § 1, at 1505, 1780. The codification of article 6675a-5e.1 in the Transportation Code is a nonsubstantive revision. *Id.* § 1, at 1031; § 25, at 1871. For the purpose of this opinion we will refer to the Transportation Code.

[3]The provisions of the act do not apply to

(1) a gasoline service station or other facility offering gasoline or other motor vehicle fuel for sale to the public from the facility:

(A) if the station or other facility has only remotely controlled pumps and never provides pump island service; or

(B) during regularly scheduled hours in which, for security reasons, a station or facility that ordinarily provides pump island service does not provide that service; or

(2) refueling service to provide liquefied gas, as that term is defined by Section 153.001, Tax Code.

V.T.C.S. art. 8613, § 3.

noncommercial use by or for the transportation of a person with a permanent disability.

> (b) A person has a disability if the person the person has:

>> (1) mobility problems that substantially impair the person's ability to ambulate;

>> (2) visual acuity of 20/200 or less in the better eye with correcting lenses; or

>> (3) visual acuity of more than 20% $^{61}/_{200}$ but with a limited field of vision in which the widest diameter of the visual field subtends an angle of 20 degrees or less.

> (c) An owner of a motor vehicle regularly operated by or for the transportation of a person described by Subsection (b) may apply to the department for registration under this section.

In addition, the department shall provide a removable disabled parking placard to a person with a disability. Transp. Code § 681.002. Similarly, the owner of a motor vehicle used primarily for the transportation of a person with a disability may apply for a disabled parking placard. *Id.* § 661.003(a). The initial application must be accompanied by acceptable medical proof that the operator or regularly transported passenger actually has a disability. However, a written statement from a physician is not required in limited circumstances. *Id.* § 661.003(c).

Thus the provisions of article 8613 only apply to those disabled drivers displaying a placard such as a removable windshield identification card or a device such as a specially designed license plate as provided for by sections 502.253 and 681.002 of the Transportation Code. In the absence of authority to the contrary, we therefore conclude that article 8613, section (2) provides the sole authority for determining disability with regard to refueling services, that is, by reference to a special device or disabled person identification card.

Further, our research of the relevant legislative history of article 8613 indicates that the intent of the legislature was to "require refueling service by gasoline service facilities for the disabled without an additional charge"; and more specifically, to provide refueling services "to a disabled driver if the driver's vehicle displays a special device or disabled person identification card. . . ." House Comm. on State Affairs, Bill Analysis, H.B. 182, 71st Leg., R.S. (1989). During a hearing before the committee, Representative Hury, the sponsor of the bill in the House, testified that

> [a] disabled person, properly being identified, if he should pull, or if she should pull into a full service facility--that person should be able to enjoy the full service facility, but at a self-service price. And if the bill doesn't say that, then I'm not for it.

Hearings on H.B. 182 Before the House Comm. on State Affairs, 71st Leg. (Apr. 24, 1989) (statement of Representative Hury) (tape available from House Video/Audio Services). Accordingly, we further conclude that there is no statutory basis upon which to opine that a service station operator has the express or implied authority, or duty, to inquire or determine whether the driver of a vehicle or the person to whom the specially designed license plate or disabled placard was issued, is actually disabled. However, we are not cognizant of any prohibition against merely inquiring whether a driver is in fact disabled. Nevertheless, we caution that failure to provide refueling services to a person who displays a special device or disabled person identification card authorized by section 502.253 and 681.002 of the transportation code may subject a managing individual or employee to criminal prosecution. Article 8613, section 5(a) provides:

> A person who is a responsible managing individual setting service policy of a station or facility covered by this Act or is an employee acting independently against established service policy and who violates Section 2 of this Act commits an offense.[4] [Footnote added.]

With regard to your second inquiry, section 681.011 of the Transportation Code sets forth the punishable offenses relevant to the disabled parking placard. However, this section does not address the procurement or the use of the placard in conjunction with refueling services. Moreover, the enumerated offenses are only applicable to the abuse or misuse of parking privileges for the disabled. *See* Transp. Code § 681.011. Chapter 502, Subchapter H sets forth the offenses and penalties associated with the use of specially designed license plates. Similarly, this chapter makes no reference to the procurement or the use of the license plate in conjunction with refueling services. Accordingly, we conclude that these particular statutes do not provide a basis for recognizing an offense where a person who is not disabled obtains refueling services pursuant to the provisions of article 8613. However, an individual who fraudulently receives such services may be subject to criminal prosecution. *See* Penal Code ch. 31.

## S U M M A R Y

With few exceptions, V.T.C.S. article 8613, section 2(a) and (b) obligates operators of gasoline stations with "full-serve" and "self-serve" facilities to provide refueling services at "self-serve" prices to those disabled drivers who display a special license plate or

---

[4]An offense under this section is a class C misdemeanor. V.T.C.S. art. 8613, § 5(b); *see* Penal Code § 12.23.

identification card issued pursuant to sections 502.253 and 681.002 of the Transportation Code.

We have found no statutory basis upon which to opine that a service station operator has the express or implied authority, or duty, to inquire or determine whether the driver of a vehicle or the person to whom the disabled identification card or license plate was issued is actually disabled. However, we are not cognizant of any prohibition against merely inquiring whether a driver is in fact disabled.

V.T.C.S. article 8613, section (2) provides the sole authority for determining disability with regard to the use of a disabled placard or license plate to receive refueling services. Chapter 502, subchapter H and section 681.011 of the Transportation Code do not provide a basis for recognizing an offense where a person who is not disabled obtains refueling services through the fraudulent use of another's disabled placard or license plate. However, failure to provide refueling services to a person who displays a disabled parking placard or specially designed license plate authorized by sections 502.253 and 681.002 of the Transportation Code may subject a managing individual or employee to criminal prosecution. V.T.C.S. art. 8613, § 5.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Toya Cirica Cook
Assistant Attorney General